KELPY v. TRIEST.

(Supreme Court, Appellate Division, Second Department.   June 6, 1902.)

NEGLIGENCE—WITNESSES—EXPERT TESTIMONY.

Expert evidence is not admissible, in an action for injuries received by the fall of a plank while being lowered without the use of guy ropes, to show that such a plank could not safely be lowered in such a manner, as the safety of the method employed was for the jury.

Appeal from trial term, Kings county.

Action by George Kelpy against William G. Triest for injuries received by plaintiff while in the employ of defendant. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Charles C. Nadal (Hector M. Hitchings, on the brief), for appellant. Van Buren Denslow, for respondent.

WILLARD BARTLETT, J. This is a negligence suit. Plaintiff was injured by the fall of a plank which was being lowered with one tackle only, and without the use of any guy lines. This plank was being moved for the construction of a scaffold. The plaintiff's brother was a witness in his behalf, and after testifying that he had worked about scaffolds nine or ten years, and had had previous experience as to the way in which scaffolds were taken down, he was asked whether a timber such as the plank in question (about 30 feet long, 4 inches by 12 in size, and weighing 800 pounds) could be lowered by rigging and tackle similar to that which was used by the defendant. To this question he answered, "No." The examination then proceeded as follows:

"Q. Within a foot or so from the middle, or about the middle, of the timber, could it be lowered in safety, and without danger? Mr. Nadal: I object to that on the ground as calling for a conclusion, and requiring the witness to give an opinion as to a state of facts properly to be submitted to the jury, and as to which the jury are competent to decide. (Objection overruled. Defendant excepts.) A. No, sir. Q. Could it be done with safety without guy lines? Mr. Nadal: I make the same objection. (Objection overruled. Defendant excepts.) A. No, sir."

Another witness for the plaintiff (Michael O'Hara) was asked this question:

"What do you say as to a beam as heavy as this and as long as this, situated as this was,—projecting out four feet from the side of the cross timber,—weighing about four hundred pounds? Could it have been lowered with safety with one tackle and no guy line?"

The question was objected to as incompetent, the objection was overruled, and the defendant excepted. The witness then answered:

"No; it could not. There was no way of lowering it."

Under the rule as to the testimony of experts which has been most recently formulated, in the case of Dougherty v. Milliken, 163 N. Y. 527, 57 N. E. 757, 79 Am. St. Rep. 608, it was error to receive this opinion evidence. The witnesses were asked, in substance, whether the method adopted by the defendant for doing the work at which the plaintiff was injured was safe or not. This was an issue in the case which the jury could readily determine upon a statement of all the facts concerning the size and weight of the plank, the character and strength of the tackle, and the places from which and to which it was proposed to move the timber. No special training or experience was required in order to enable them to draw a correct conclusion as to these matters, and hence the aid of opinion evidence was needless, and its admission improper. Sappenfield v. Railroad Co., 91 Cal. 48, 60, 27 Pac. 590; White v. Ballou, 8 Allen, 408. In the first of these cases it was held error to admit expert testimony to the effect that a particular pattern of coupling pin used on the street railroad was not safe; and in the second case, where the question was as to whether it was safe to place staves or other combustible materials on the top of an arch in a dry house, it was held that this was a matter upon which the opinion of experts was not admissible in evidence to the jury. "Common experience," said the court, "would have enabled them to draw the inference whether it was safe or unsafe to place staves there." Many other cases might be cited to the same effect; and the error in receiving this testimony demands a reversal of the judgment.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.